BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

KEVIN J. BARRY (CABN 229748)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6840
    FAX: (415) 436-7234
    Email: kevin.barry@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 17-0129 PJH |
| Plaintiff, | |
| v. | [**PROPOSED**] ORDER OF DETENTION |
| ANDREW MOORE CLEGHORN III, | |
| Defendant. | |

**INTRODUCTION**

The United States has moved for the detention of Defendant Andrew Moore Cleghorn pending trial. The Grand Jury has charged Defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Because clear and convincing evidence indicates that Defendant poses a danger to the community, and because no condition or combination of conditions will reasonably assure the safety of the community, the Court orders that he be detained pending trial.

**LEGAL STANDARD**

The Bail Reform Act directs the Court to consider a number of factors in assessing whether a defendant should be detained on the basis that he poses a risk of flight or a danger to the community. As paraphrased, they are: (1) the nature and seriousness of the offense charged; (2) the weight of the

[PROPOSED] ORDER OF DETENTION
CR 17-0129 PJH

evidence against the defendant; (3) the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug and alcohol abuse, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  18 U.S.C. § 3142(g).  A finding that Defendant is a risk of flight must be supported by a preponderance of the evidence, while a finding that Defendant poses a danger to the community must be supported by clear and convincing evidence.  *United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990); 18 U.S.C. § 3141(f)(2)(B).  Here, the government moved for detention on the basis of danger to the community, so the Court will only address that prong in this order.

## ANALYSIS

### A. The Nature and Circumstances of the Charged Conduct Demonstrate a Danger to the Community

Defendant has been charged with being a felon in possession of a firearm.  The affidavit in support of the criminal complaint indicates that Defendant was in Oakland in the middle of the day with a loaded firearm under the driver's seat of his vehicle.  Dkt. 1, ¶¶ 9, 11, 12.  The Court finds that felons possessing loaded firearms, particularly those convicted of violent crimes, pose a grave danger to the citizens of Oakland.

### B. There is a Fair Amount of Evidence Against Defendant

Although not the most significant factor, the Court takes into account the fact that there is a fair amount of evidence against Defendant.  The parties did not address this factor in the motion for detention, but the affidavit in support of the Complaint indicates that police officers found a loaded firearm underneath the driver's seat of his car, where he had been sitting immediately before officers contacted him.  Dkt. 1, ¶¶ 9, 11, 12.  The affidavit does not indicate whether Defendant confessed his possession of the weapon or whether DNA or fingerprint evidence links him to it, but the fact that he was sitting directly above where officers found the weapon in a car for which he had the keys is a fair amount of circumstantial evidence that he knew about the presence of the gun and had the power and intention to control it.

//

//

### C. The History and Characteristics of Defendant Demonstrates a Danger to the Community

The Court finds that Defendant's criminal history is the strongest factor that provides clear and convincing evidence that Defendant poses a danger to the community that cannot be mitigated by any conditions the Court might impose.

#### 1) Defendant Was on Parole at the Time of this Offense

At the time officers conducted a traffic stop on Defendant's parked vehicle, Defendant was on parole for a robbery conviction. That status led officers to conduct the search of his car, leading to the discovery of the firearm. Further, Defendant's criminal history shows a succession of failed periods of probation. For instance, following his 2006 conviction for grand theft from a person, Defendant initially was sentenced to a short period in jail and five years' probation, but his probation was later modified and he was sentenced to one year in jail due to his 2007 conviction for second degree burglary. For that offense, Defendant was similarly sentenced to a short jail term and five years' probation. Once again, however, his probation was modified and he was resentenced, this time to two years in prison, because of his 2008 conviction for possession of a controlled substance for sale. Defendant's last conviction, in 2011, led to a sentence of four years in prison. None of these prior sentences served to have any deterrent effect, which indicates to the Court that Defendant will not abide by any conditions it may impose.

In opposing the motion for detention, Defendant indicated, with support in Pretrial Services' report, that he has made strides toward gainful employment and has a steady family life. However, the pattern of Defendant's poor performance while on court supervision in past, including his status on parole when arrested for possessing a firearm in this case, provides clear and convincing evidence that Defendant still poses a danger to the community that cannot be mitigated by any conditions.

#### 2) Defendant's Most Recent Conviction Was For a Violent Crime

The conclusion that Defendant poses a danger to the community is strengthened when considering his most recent conviction from 2011, which resulted in a four-year prison term. As proffered by the government during the March 14, 2017 detention hearing, Defendant participated in a home invasion robbery during which the victim was held at gunpoint, tied up on the ground, repeatedly

[PROPOSED] ORDER OF DETENTION
CR 17-0129 PJH

pistol whipped, and burned on his fingers. This resulted in Defendant's conviction for second degree robbery involving a firearm. The nature of Defendant's other prior convictions – a minor illegally possessing a concealed weapon, grand theft from a person, second degree burglary, and possession of controlled substances for sale – indicate that Defendant poses a danger, but the conviction for which he was on parole is particularly troubling to the Court.

### D.  Defendant Poses a Threat to the Public Should He Be Released

The threat posed by Defendant should he be released is considerable. The Court has a substantial interest in protecting the public from the danger posed by convicted felons who possess firearms and ammunition. *See, e.g.*, *Vartelas v. Holder*, 132 S.Ct. 1479, 1489 (2012) ("Longstanding prohibitions on the possession of firearms by felons, however, target a present danger, i.e., the danger posed by felons who bear arms.") (citing, *inter alia*, the Omnibus Crime Control and Safe Streets Act of 1968, § 1201, 82 Stat. 236). This is particularly true in the case of felons who have been convicted of the type of violent felonies that feature in Defendant's criminal record.

### CONCLUSION

Based on the facts set forth in the Criminal Complaint, the information in Pretrial Services' report, and the arguments by the parties, the Court finds by clear and convincing evidence that Defendant presents a danger to the community by virtue of his possession of a firearm while on parole for a violent home invasion robbery and his failures to abide by court-imposed conditions of probation in his earlier cases.

Therefore, the Court ORDERS that Defendant be detained pending trial in this case.

IT IS SO ORDERED.

Dated: 3/22/17

_____
HON. KANDIS A. WESTMORE
United States Magistrate Judge

[PROPOSED] ORDER OF DETENTION
CR 17-0129 PJH